**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KENNETH J. PHELAN,

                        Plaintiff,

- v -                                   Civ. No. 9:10-CV-540
                                                (NAM/RFT)

JAMES CAMBELL, *Sheriff of Albany County, individually and officially*;[1] DR. JOHN DOE, *Medical Doctor at Albany County Jail, individually and officially*; CHRISTINE MORIARITY, *also known as Christine*; LORI HORN, *also known as Laurie*; DON HOWELL, *Correction Officer, Albany County Jail, individually and officially*; ALBANY COUNTY; ED REMILLARD, *Correction Officer, Albany County Jail*; CHIEF MOONEY, *Albany County Jail, individually and officially*,

                        Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

KENNETH J. PHELAN
Plaintiff, *Pro Se*
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

OFFICE OF ROBERT P. ROCHE                  ROBERT P. ROCHE, ESQ.
Attorney for Defendants Campbell, Howell
Albany County, Remillard, and Mooney
36 South Pearl Street
Albany, NY 12207

THUILLEZ, FORD LAW FIRM                       DONALD P. FORD, JR., ESQ.
Attorney for Defendants Moriarity and Horn
20 Corporate Woods Boulevard, 6th Floor
Albany, NY 12211

---

[1] Throughout the pleadings, Plaintiff alternates in naming this Defendant both "Cambell" and "Campbell." *See, e.g.*, Dkt. No. 47, Lt.-Mt., dated Oct. 3, 2010. According to this Defendant's executed Acknowledgment of Service, the correct spelling of his name is "Campbell." Dkt. No. 15. We will refer to him as such.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Kenneth J. Phelan commenced this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the Defendants denied him proper medical care, subjected him to unsanitary living conditions, and denied him due process, all in violation of his rights guaranteed under the United States Constitution. Dkt. No. 4, Am. Compl. Currently pending before this Court is Plaintiff's Motion to Amend the Complaint. Dkt. No. 98. Defendants oppose the Motion and bring a Cross-Motion to Dismiss the action. Dkt. Nos. 99 & 101. Plaintiff filed a Response in Opposition to the Defendants' Cross-Motion to Dismiss. Dkt. No. 102. For the reasons that follow, it is hereby ordered that Plaintiff's Motion to Amend the Complaint is **denied** and it is recommended that Defendants' Motion to Dismiss be **granted** and this entire case be **dismissed**.

### I. BACKGROUND

Plaintiff commenced this action on May 10, 2010, by filing a Complaint against Albany County, James Campbell, "Christine," John Doe, "Laurie," and Ed Remillard, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. He also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and the requisite Inmate Authorization Form. Dkt. Nos. 2 & 3. On June 14, 2010, Plaintiff filed an Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a), adding Chief Mooney as a Defendant. Dkt. No. 4. On that same date, he filed a Letter-Motion requesting class certification to establish a class action suit. Dkt. No. 5. By Decision and Order, dated June 17, 2010, the Honorable Norman A. Mordue, then-Chief United States District Judge, accepted the Amended Complaint for filing and granted Plaintiff's application to proceed IFP, but denied his request for class action status. Dkt. No. 6.

On December 9, 2010, Defendants Moriarity and Horn submitted a Letter-Motion to this Court asking for an extension of the discovery deadline because of difficulties conducting a deposition of Plaintiff, who "has some upcoming [c]ourt matter and . . . will not be available on December 17 [the date Plaintiff's deposition was scheduled for] for a deposition." Dkt. No. 64. We granted the extension for the sole purpose of allowing the Defendants to take Plaintiff's deposition. Text Order, dated Dec. 10, 2010.

On December 12, 2010, Plaintiff filed Motions to extend discovery, to compel the Defendants to be deposed and comply with his demands for production and interrogatories, to prohibit Defendants from deposing Plaintiff, and for sanctions, pursuant to Federal Rule of Civil Procedure 37, against Defendants Campbell, Horn, and Moriarity. Dkt. Nos. 66 & 67. Defendant Campbell opposed the Motion, claiming he has not refused to be deposed and has responded to Plaintiff's interrogatories, Dkt. No. 70, which Defendants Moriarity and Horn seconded, Dkt. No. 72. On January 21, 2011, this Court denied Phelan's twin Motions to Compel, finding that the Defendants did not refuse to be deposed, and that Plaintiff must bear the costs of his discovery, including costs inherent in taking depositions. Dkt. No. 79, Order ("January Order"). Importantly, we cautioned Plaintiff that he could not withhold participation in his own deposition, and provided Plaintiff with the following admonition:

> Taking depositions is not a product of *quid pro quo*. Just because Phelan's quest to depose Campbell is legally thwarted, at this time, does not necessarily mean that he can avoid a deposition of himself. Discovery is not a matter of gamesmanship nor conducted like a game of chess. It is not a tick for a tack.

*Id.* at p. 4.

We cautioned Plaintiff that "if he refuses to participate in his deposition . . . he may be subject to sanctions, which may include dismissing his case." *Id.* Finally, we amended the Scheduling Order,

extending the Discovery Deadline to April 15, 2011, and setting the final day to file dispositive motions to May 20, 2011. *Id.* at p. 10.

On May 9, 2011, Plaintiff filed the instant Motion to Amend his Amended Complaint. Dkt. No. 98. By his Motion, Phelan seeks to 1) add new claims against two new defendants, Nurses "Mary B." and "P. Fraser;" 2) identify the John Doe Defendant as "Michael Salzman, M.D.;" and 3) amend his requested damage award. *Id.* at ¶¶ 2-4; Dkt. No. 98-1, Proposed Second Am. Compl., at ¶¶ 21a - 21c & 40 ("Prayer for Relief" section). Shortly thereafter, on May 13, 2011, Defendants Horn and Moriarity filed Opposition to Plaintiff's Motion and a Cross-Motion to Dismiss. Dkt. No. 99. In their Cross-Motion and Opposition, Defendants have, in good faith, engaged in substantial discovery during the pre-trial phase of this case, Plaintiff waiting, to Defendants' detriment, until after discovery closed to seek to add new parties and identify the John Doe, and Plaintiff's refusal to submit to a deposition warrants dismissal of this action pursuant to Federal Rule of Civil Procedure 37(b). *Id.* at ¶¶ 12-22. On May 20, 2011, the other Defendants – Albany County, Campbell, Howell, Mooney, and Remillard – joined Defendant Horn's and Moriarity's Cross-Motion to Dismiss. Dkt. No. 101. Plaintiff filed a Response in Opposition to the Defendants' Cross Motion, claiming that he did not "refuse to attend the deposition . . . [but] the [D]efendants['] counsel has refused to come to [Plaintiff] to depose [him]," and that "nothing can happen in the District Court" while Plaintiff has a pending appeal to the Second Circuit.[2] Dkt. No. 102.

---

[2] Plaintiff appealed Judge Mordue's December 7, 2010 Order affirming this Court's January Order. The Second Circuit issued a Mandate on June 9, 2011, dismissing Plaintiff's appeals.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that leave to amend a pleading should be freely given when justice so requires. *Tocker v. Philip Morris Co.*, 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)). District courts are vested with broad discretion to grant a party leave to amend the pleadings. *SCS Commc'n, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) (citing *Foman v. Davis*, 371 U.S. at 182); *see also Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *Media Alliance, Inc. v. Mirch*, 2010 WL 2557450, at *2 (N.D.N.Y. June 24, 2010) (citation omitted); *see also Lamont v. Frank Soup Bowl*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000) (citations omitted). This requires the non-movant to "do more than simply claim to be prejudiced." *Breyette v. Amedore*, 205 F.R.D. 416, 417 (N.D.N.Y. 2002) (quoting *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 777 F. Supp. 181, 185 (E.D. Pa. 1991)).

Defendants oppose Plaintiff's Motion to Amend on the grounds that it would cause substantial prejudice upon the Defendants, and that Plaintiff has operated in bad faith to unduly delay the advancement of this case. Dkt. No. 99-1, William C. Firth, Esq., Affirm., dated May 13,

2011, at ¶¶ 19-21.  Specifically, they attest that Plaintiff "had the ability to bring the instant Motion to [A]mend well prior to the close of discovery and at a time when significant prejudice would not, as now, inure to the detriment of the [D]efendants," but, instead, Plaintiff brought the Motion when "discovery in this matter has closed and defense strategies have been prepared."  *Id.* at ¶ 20.  We agree with the Defendants.

To determine whether the opposing party will suffer prejudice if leave to amend is granted, a court considers whether the new complaint would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  Here, Plaintiff is asking this Court to add two new defendants and corresponding claims, and to identify the John Doe Defendant.  In effect, this request would necessitate reopening the already-completed period of discovery.  The Court is unwilling to return to that stage of litigation in an action that has already seen the discovery deadlines extended and that has spawned a barrage of discovery-related motions.  *See* Dkt. No. 27, Scheduling Order, dated Aug. 25, 2010 (setting the discovery deadline to December 23, 2010); Text Order, dated Dec. 10, 2010 (extending the discovery deadline to February 18, 2011, for the purpose of allowing Defendants to take Plaintiff's deposition); Dkt. No. 79, Order, dated Jan. 21, 2011 (extending the discovery deadline to April 15, 2011).  Further, Plaintiff offers no explanation, and we cannot fathom one, for why he only recently learned the identity of the John Doe Defendant, or why he has decided to add two new defendants at this stage of the lawsuit.  Discovery in this action – the means by which Plaintiff could have learned the identity of his unnamed Defendant – closed

about a month before Phelan filed this Motion to Amend.[3] Delay alone, in the absence of bad faith or prejudice, is usually not sufficient reason for denying a motion to amend. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir. 1995); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). However, the court may "deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). Allowing leave to amend the complaint may be especially prejudicial when it is filed post-discovery. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). Accordingly, we find that Plaintiff's Motion, made after the discovery period had closed and defense strategies formulated, without explanation, would cause undue and substantial prejudice to the Defendants. Plaintiff's Motion to Amend is **denied**.

### B. Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal

---

[3] Plaintiff's only attempt at an explanation as to why he waited until the discovery period ended to make this Motion was that he "recently discovered the names of new defendants through discovery." Dkt. No. 102 at ¶ 13. This feeble explanation is conclusory and throughly unsatisfying.

of the action against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Furthermore, sanctions or dismissal are explicitly available, upon motion, when a party fails to attend his or her own deposition. FED. R. CIV. P. 37(d).

In their Cross-Motion to Dismiss, Defendants state that Plaintiff refused to participate in his deposition, in violation of Rule 37 and this Court's January 21, 2011 Discovery Order. Firth Affirm. at ¶¶ 12-19. Defendants contend that Plaintiff's refusal to be deposed demonstrates Plaintiff's bad faith and intent to deliberately delay and frustrate the advancement of this litigation. Again, we agree with the Defendants.

In our January Order, we explicitly warned Plaintiff that the refusal to participate in his own deposition may subject him to sanctions, which may include dismissal of his action. *See* Dkt. No. 79 at p. 4; *see also supra* Part I. After a failed attempt to depose Plaintiff, which led to this Court extending the discovery deadline, *see* Dkt. No. 64, Defs.'s Lt-Motion, dated Dec. 9, 2010, & Text Order, dated Dec. 10, 2010, Defendants Horn and Moriarity served upon Plaintiff a notice, dated March 15, 2011, that a deposition would take place at Great Meadow Correctional Facility on March 31, 2011, which Defendants Campbell, Howell, Remillard, and Mooney joined. Dkt. No. 99-6, Ex. E & F. On March 21, 2011, Attorney Robert P. Roche, Esq., counsel for Defendants Campbell, Howell, Albany County, Remillard, and Mooney, wrote to Plaintiff, wherein he requested that Plaintiff notify him if he still refused to testify unless Defendant Campbell was produced at Great Meadow Facility, despite this Court's January Order. Dkt. No. 99-6, Ex. G. In response, on March 23, 2011, Plaintiff wrote to Roche, stating that no deposition could be taken because of Plaintiff's pending appeal to the Second Circuit. *Id.*, Ex. H. Further, Plaintiff wrote to Attorney Roche that "you in peticuler [sic] will not be deposing me. I would not come if I were you. Save yourself a

wasted trip. Don't come." *Id.* That same date, Plaintiff also wrote to Defendant Horn's and Moriarity's attorney notifying him that because of Plaintiff's pending appeal in the Second Circuit he had "told Mr. Roche not to waste the trip . . . . If you come anyway I will object on the record at the start." *Id.* Based upon Plaintiff's representations, the Defendants cancelled Plaintiff's deposition "in an effort to avoid wasteful expenditure of valuable time and resources." Firth Affirm. at ¶ 18.

Plaintiff's only explanation for his refusal to participate in his deposition was that "it[']s [Plaintiff's] understanding that nothing can happen in the District Court while the case is on appeal for lack of jursidiction." Dkt. No. 102, Pl.'s Response in Opp'n to Defs.' Motion, at ¶ 5. However, the mere fact that Plaintiff appealed an Order does not cause a halt to the litigation. Plaintiff did not move to stay the proceedings during his appeal. That Plaintiff "disagreed with the Court's orders provided no basis for failure to comply with them." *Carvalho v. Reid*, 193 F.R.D. 149, 154 (S.D.N.Y. 2000). Even *pro se* litigants have an obligation to comply with court orders, and "[a]n order issued by a court must be obeyed, even if it is later shown to be erroneous. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (internal quotation marks omitted). In other words, "[o]rders issued by a court **must** be obeyed, even if" a higher court later deems the order in error. *LaGrande v. Adecco*, 2006 WL 2806402, at *9 (N.D.N.Y. Sept. 28, 2006) (emphasis in original) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). Furthermore, the warning in our January Order that Plaintiff would face sanctions that may include dismissal of his action if he continued to refuse to participate in his deposition stems from Federal Rule of Civil Procedure 37 – a rule that Plaintiff is aptly familiar with, as he brought two separate Rule 37 Motions himself

against Defendants Mooney and Howell. Dkt. Nos. 19 & 20. His refusal to allow Defendants to take his testimony violates more than a Court Order, but the Federal Rules of Civil Procedure themselves.

Both this Court and Defendants' counsel have been accommodating and patient with Plaintiff, who has filed countless motions, letters, and requests and who, due to his willful behavior, has tied up this litigation and the Court's resources with his disregard for the basic rules of litigation. Although dismissal of an action "is a harsh remedy which should be imposed only in rare situations, it may be 'necessary to achieve the purpose of Rule 37 as a credible deterrent.'" *Jeanette Coquette Co. v. Hartford Fire Ins. Co.*, 1997 WL 527874, at *1 (S.D.N.Y. Aug. 22, 1997) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)); *see also El-Yafi v. 360 East 72nd Owners Corp.*, 164 F.R.D. 12, 17 (S.D.N.Y. 1995) (stating that a sanction like dismissal is drastic, yet warranted "where the dilatory party is a plaintiff, who invokes the process of the court in support of his claim for relief, but refuses to proceed in accordance with the rules"). In "reviewing the penalty of dismissal, a party's 'wilful, obstinate refusal to play by the basic rules of the system upon whose very power [he] is calling [on] to vindicate his rights' cannot be tolerated." *Int'l Broth. of Elec. Workers Local No. 325 Pension Fund v. M. Gleason & Sons of Binghamton, New York, Inc.*, 2011 WL 6257141, at *4 (N.D.N.Y. Sept. 16, 2011) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d at 124). Further, a "party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal quotation marks omitted). This Court is keenly aware that Plaintiff is litigating this action *pro se*; however, "[w]hile *pro se* litigants are given special latitude, this is not a reason for non-compliance with specific and numerous Court

Orders . . . . 'When a party seeks to frustrate [the orderly progression of discovery] by disobeying orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.'" *LaGrande v. Adecco*, 2006 WL 2806402 at *10 (quoting *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredline*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Moreover, Plaintiff is no stranger to the federal courts. From May 1999 through the present date, Phelan has filed at least twenty-eight civil actions, *pro se*, across the country. Because of his considerable experience litigating in this arena, we have, on past occasions, previously declined to give him the deference normally afforded to *pro se* litigants, *see Phelan v. Hersh, et al.*, Civ. No. 9:10-cv-0011 (GLS/RFT), Dkt. No. 63, Report-Rec., dated Sept. 13, 2011, at pp. 9-10, *adopted in its entirety by* Dkt. No. 69, Order, dated Dec. 5, 2011, and we have asked him to show cause regarding his abuse of the judicial process, *Phelan v. Karandy, et al.*, Civ. No. 9:11-cv-636 (NAM/RFT), Dkt. No. 8, Order to Show Cause, dated Dec. 5, 2011. Plaintiff's status as a *pro se* litigant does not excuse his purposeful noncompliance with the Court's Orders.

Thus, Plaintiff's wilful failure to comply with the responsibilities set forth in the Federal Rules of Civil Procedure as well as with Court Orders is evident. We find the notion of giving Plaintiff more warnings or imposing alternative sanctions unfruitful and wasteful of judicial resources. Based on the totality of the circumstances and the above discussion, we recommend that Defendants' Motion be **granted** and Plaintiff's action be **dismissed** pursuant to Federal Rule of Civil Procedure 37.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 98) is **denied**; and it is further

**RECOMMENDED**, that Defendants' Cross-Motion to Dismiss (Dkt. Nos. 99 & 101) be **granted** and Plaintiff's Amended Complaint (Dkt. No. 4) be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   January 19, 2012
        Albany, New York

Randolph F. Treece
U.S. Magistrate Judge