UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++

**KENNETH J. PHELAN,**

           **Plaintiff,**

       **-v-**             **9:10-CV-540 (NAM/RFT)**

**JAMES CAMBELL, Sheriff of Albany County, individually and officially;1 DR. JOHN DOE, Medical Doctor at Albany County Jail, individually and officially; CHRISTINE MORIARITY, also known as Christine; LORI HORN, also known as Laurie; DON HOWELL, Correction Officer, Albany County Jail, individually and officially; ALBANY COUNTY; ED REMILLARD, Correction Officer, Albany County Jail; CHIEF MOONEY, Albany County Jail, individually and officially,**

           **Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Kenneth Phelan
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff, *Pro Se*

Office of Robert P. Roche
Robert P. Roche, Esq., of counsel
36 South Pearl Street
Albany, New York 12207
Attorney for Defendants Campbell, Howell, Albany County, Remillard, and Mooney

Thuillez, Ford, Gold, Butler & Young, LLP
Donald P. Ford, Jr., Esq., of counsel
20 Corporate Woods Boulevard, 6th Floor
Albany, New York 12211
Attorney for Defendants Moriarity and Horn

**Hon. Norman A. Mordue, U.S. District Judge:**

           **MEMORANDUM-DECISION AND ORDER**

## INTRODUCTION

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this *pro se* action under 42 U.S.C. § 1983. In his amended complaint (Dkt. No. 4), he claims defendants violated his constitutional rights by denying him proper medical care, subjecting him to unsanitary living conditions, and denying him due process.

Plaintiff moves (Dkt. No. 98) to amend the amended complaint (Dkt. No. 4). Defendants cross-move to dismiss the action (Dkt. Nos. 99, 101). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Randolph F. Treece issued a Report and Recommendation and Order (Dkt. No. 111) denying the motion to amend the complaint and recommending that the motion to dismiss be granted. Plaintiff filed an objection (Dkt. No. 112). As set forth below, the Court affirms the denial of leave to amend the amended complaint, accepts the recommendation to grant defendants' motions to dismiss the action, and dismisses the case.

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

This Court reviews Magistrate Judge Treece's Order denying plaintiff's motion (Dkt. No. 98) to amend the amended complaint under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). In reviewing Magistrate Judge Treece's denial of leave to amend, the Court observes that the case was commenced on May 10, 2010 and that plaintiff served an amended complaint (Dkt. No. 4) on June 14, 2010. The Rule 16 Order (Dkt. No. 27) issued on August 25, 2010 directed that discovery be completed by December 23, 2010 and dispositive motions be made by March 23, 2011. By text order dated December 10, 2010, Magistrate Judge

Treece reset the discovery deadline for the sole purpose of allowing certain defendants to depose plaintiff, and reaffirmed that the "discovery deadline expires in all other respects on December 23, 2010." On January 21, 2011, Magistrate Judge Treece extended the discovery deadline to April 15, 2011, and extended the final day to file dispositive motions to May 20, 2011. Plaintiff made the motion to amend on May 9, 2011, after the close of discovery. In denying leave to amend, Magistrate Judge Treece noted:

> Here, Plaintiff is asking this Court to add two new defendants and corresponding claims, and to identify the John Doe Defendant. In effect, this request would necessitate reopening the already-completed period of discovery. The Court is unwilling to return to that stage of litigation in an action that has already seen the discovery deadlines extended and that has spawned a barrage of discovery-related motions. Further, Plaintiff offers no explanation, and we cannot fathom one, for why he only recently learned the identity of the John Doe Defendant, or why he has decided to add two new defendants at this stage of the lawsuit. Discovery in this action – the means by which Plaintiff could have learned the identity of his unnamed Defendant – closed about a month before Phelan filed this Motion to amend.

(Case citations and citations to record omitted.) The record supports Magistrate Judge Treece's findings that plaintiff failed to show diligence and good cause for his delay, and that amendment would prejudice defendants.. The Order denying leave to amend is not clearly erroneous or contrary to law, nor does it reflect an abuse of discretion. Even if it were to apply the *de novo* standard of review, the Court would reach the same conclusion. The Order is affirmed.

### DEFENDANTS' MOTIONS TO DISMISS AS SANCTION FOR PLAINTIFF'S REFUSAL TO BE DEPOSED

This Court conducts a *de novo* review of Magistrate Judge Treece's recommendation to grant defendants' dismissal motions (Dkt. Nos. 99, 101) as a sanction for plaintiff's refusal to submit to a deposition. *See* 28 U.S.C. § 636(b)(1)(C). The Court adopts the factual background set forth in Magistrate Judge Treece's Report and Recommendation and Order, and does not

repeat it here.

In exercising its discretion to impose a sanction under Rule 37, the Court considers many factors, including plaintiff's willfulness in refusing to comply; his reason for noncompliance; the duration of noncompliance; and whether plaintiff was warned of the consequences of noncompliance. *See Robertson v. Dowbenko*, 443 Fed.Appx. 659, 660-61 (2d Cir. 2011). Rule 37 sanctions, including dismissal, may be imposed against a *pro se* plaintiff, so long as adequate warning has been given. *Id*. at 660.

In the instant case, Magistrate Judge Treece's Rule 16 Order advised plaintiff that he must submit to a deposition and that refusal could result in dismissal. Plaintiff nevertheless repeatedly objected to being deposed unless he was permitted to depose Campbell. He persisted in this viewpoint even after Magistrate Judge Treece denied his motion to compel Campbell's deposition in an Order which this Court affirmed.

Thereafter, in response to another motion by plaintiff, Magistrate Judge Treece issued an Order advising plaintiff that he could not properly refuse to be deposed, regardless of whether he was permitted to depose Campbell. The Order clearly directed plaintiff to submit to a deposition and warned him that "if he refuses to participate in his deposition ... he may be subject to sanctions, which may include dismissing his case."

Despite this explicit warning, plaintiff persisted in refusing to be deposed, contending that he had appealed an earlier Order and that the case could not proceed during the appeal. Plaintiff did not, however, request a stay pending appeal or otherwise seek judicial assistance on this issue, despite having filed numerous motions, letters, and requests on other topics. Rather, in response to a notice to depose him, he advised defendants' counsel: "I would not come if I were you. Save

yourself a wasted trip.  Don't come."

In opposition to defendants' dismissal motion, plaintiff has offered to be deposed. Plaintiff's newfound willingness to be deposed does not obviate his prior persistent, willful refusal to comply with Magistrate Judge Treece's orders and basic legal process.  Nor does his status as a *pro se* litigant excuse his purposeful noncompliance with the Court's orders.  As Magistrate Judge Treece notes, plaintiff is an experienced litigator, yet he has refused to comply with a basic discovery requirement of which he was plainly aware, despite two clear warnings that refusal could result in dismissal.  His insistence on conducting the lawsuit as he saw fit, rather than as required by the Court and the law, has caused lengthy delay and wasted the time of the Court and counsel.  Magistrate Judge Treece has carried out his duty of solicitude to *pro se* plaintiffs, issuing numerous text orders, orders, and notices.  Despite the fact that plaintiff now professes to be willing to be deposed, the sanction of dismissal recommended by Magistrate Judge Treece is appropriate.

## CONCLUSION

It is therefore

ORDERED that the Report and Recommendation and Order (Dkt. No. 111) is accepted in its entirety; and it is further

ORDERED that denial of plaintiff's motion (Dkt. No. 98) to amend the amended complaint is affirmed; and it is further

ORDERED that defendants' cross-motions to dismiss the action (Dkt. Nos. 99, 101) are granted; and it is further

ORDERED that the case is dismissed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

February 8, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge